UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN MICHAEL CARRUTHERS,   :
    Plaintiff   :
       :
vs.   :   CIVIL NO. 1:15-CV-074
       :
DAUPHIN COUNTY PRISON, *et al.*,   :
    Defendants   :

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering two motions to dismiss. (Doc. 26; Doc. 28). This matter relates to a pro se amended complaint filed by Plaintiff Steven Carruthers, an inmate housed at the Dauphin County Prison. The complaint alleges that prison officials violated Plaintiff's Eighth and Fourteenth Amendment right against cruel and unusual punishment. (Doc. 9). It also attempts to set out various state-law claims. (Id.). Four of the six named defendants (hereinafter Defendants) have moved to dismiss the claims against them. For the reasons discussed below, we will dismiss the complaint in its entirety.

*II.*    *Background*

Construing the amended complaint liberally, see Fantone v. Latini, 780 F.3d 184 (3d Cir. 2015), Plaintiff raises nine claims. Five are asserted pursuant to 42 U.S.C. § 1983: (1) Defendants were deliberately indifferent to Plaintiff's medical needs by failing to provide him with proper medication for the treatment of arthritis; (2) Defendants were deliberately indifferent to Plaintiff's medical needs by failing to provide medical care

after he suffered a stroke; (3) Defendants used excessive force against Plaintiff; (4) Defendants were deliberately indifferent to Plaintiff's medical needs by failing to treat an infection on the left side of his body; and (5) Defendants were deliberately indifferent to Plaintiff's medical needs by failing to treat a sinus infection.  (Doc. 9 at 5-11).  The remaining four claims are asserted pursuant to Pennsylvania common law: (1) Defendants provided negligent medical care by failing to provide Plaintiff with proper arthritis medication; (2) Defendants provided negligent medical care by failing to treat Plaintiff following a stroke; (3) Defendants assaulted Plaintiff; and (4) Defendants subjected Plaintiff to "mental abuse, humiliation, degradation, and verbal abuse." (Id.).

Defendants move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although Plaintiff has failed to file a brief in opposition, we will analyze Defendants' motions on the merits.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (explaining that district courts should conduct a merits analysis before granting an unopposed motion to dismiss).

*III.*      *Discussion*

*A. Standard of Review*

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

   *B. Plaintiff's § 1983 Claims*

   Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Porter v. Nussle, 534 U.S. 516 (2002) (holding that § 1997e also applies to excessive force claims).  Defendants argue that all of Plaintiff's § 1983 claims should be dismissed because he failed to exhaust his administrative remedies.  (Doc. 27 at 5-7; Doc. 29 at 9-13).

   The exhaustion of administrative remedies is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 211-212 (2007).  "[A] complaint may be subject to dismissal under 12(b)(6) when an affirmative defense appears on its face." Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001).  Here, on page two of his complaint, Plaintiff admits that the

Dauphin County Prison has a prisoner grievance procedure available and that he failed to exhaust that procedure. (Doc. 9 at 2). Therefore, it is apparent from the face of his complaint that Plaintiff did not exhaust his administrative remedies as required by § 1997e(a).[1] Accordingly, we will dismiss without prejudice Plaintiff's five § 1983 claims against Defendants, and we will also *sua sponte* dismiss the claims against the non-moving defendants.[2] See McPherson v. United States, 392 F. App'x 938, 942-43 (3d Cir. 2010) (stating that *sua sponte* dismissal is appropriate when affirmative defense is clear from the face of the complaint).

### C. Plaintiff's State-Law Claims

Our jurisdiction over Plaintiff's state-law claims is pursuant to 28 U.S.C. § 1367. It provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The statute states, however, that a district court may decline to exercise supplemental jurisdiction if the "court has dismissed all claims

---

1. Appended to Plaintiff's complaint are the denials of a series grievances he filed with Warden DeRose. Plaintiff states that he could not exhaust his administrative remedies on those grievances because the Prison Board never responded to his appeal. We find the grievances, and the Prison Board's alleged lack of response, irrelevant to this case. None of the grievances complain about the incidents that are the bases of Plaintiff's claims.

2. A complaint should be dismissed without prejudice unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because we are unable to determine that Plaintiff will never be able to properly exhaust his administrative remedies, we cannot conclude that amendment would be futile or inequitable.

over which it has original jurisdiction." § 1367(c)(3).  "The decision to retain or decline jurisdiction over state-law claims is discretionary."  Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).

Here, our original jurisdiction is based on the federal questions raised by Plaintiff's § 1983 claims.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Because we will dismiss all of those claims, we will exercise the discretion afforded to us in § 1367(c)(3) and decline jurisdiction over Plaintiff's state-law claims.[3]  Accordingly, we will dismiss them without prejudice.

*IV.*        *Conclusion*

For the reasons discussed above, we will dismiss Plaintiff's complaint in its entirety.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

3. The justification for declining supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to the litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see also Kach, 589 F.3d at 650.  We find no evidence that the interests of judicial economy, convenience, and fairness are better served if we exercise jurisdiction over Plaintiff's state-law claims.